**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHASE MILES, #M41581, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-00162-SMY |
| | ) | |
| MATTHEW PLUMMER (in his official | ) | |
| capacity as Menard Warden),[1] | ) | |
| MICHAEL KRCMAR, | ) | |
| JOHN DOE 1, and | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

This matter is before the Court on Plaintiff Chase Miles' Motion for Voluntary Dismissal (Doc. 35). Defendants Krcmar and Plummer oppose the motion (Doc. 36) and Plaintiff filed a Reply (Doc. 39).

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 *pro se* while he was incarcerated at Pontiac Correctional Center (Doc. 1). The Court allowed him to proceed on Eighth Amendment claims for excessive force, deliberate indifference to medical needs, and cruel and unusual punishment (Doc. 14). Plaintiff later obtained counsel (Docs. 26, 27, 28). He was released on parole on December 30, 2025 (Doc. 35). Plaintiff requests to voluntarily dismiss this case without prejudice so he may refile the action without being subject to the restrictions imposed upon prisoner litigants by the Prison Litigation Reform Act ("PLRA").

A court may grant a plaintiff's motion to voluntarily dismiss a case "on terms that the court

---

[1] Current Warden Matthew Plummer is automatically substituted for official capacity Defendant Anthony Wills (former Menard Warden) pursuant to Fed. R. Civ. P. 25(d) (See Doc. 36, p. 1). Wills was retained as a defendant in his official capacity only, to assist in identification of the unknown defendants (Doc. 14).

considers proper." FED. R. CIV. P. 41(a)(2).  Voluntary dismissal should not be permitted where it would result in "plain legal prejudice" to the defendant.  *U.S. v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986); *see also Simons v. Fox*, 725 F. App'x 402, 406 (7th Cir. 2018).

Defendants have not demonstrated they will suffer plain legal prejudice if voluntary dismissal is granted.  They do not claim to have expended significant resources on discovery or trial preparation, nor do they argue Plaintiff has caused delay in prosecuting the case.  *See Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969).  This case is still at an early stage; unknown defendants are yet to be identified, substituted, and served with process.  While the parties were instructed to exchange information leading to the identification of the John Doe Defendants (Docs. 19, 24, 29, 34), no formal discovery has commenced.  The Court has not entered a scheduling order or set a deadline for defendants to file a summary judgment motion on the issue of exhaustion of administrative remedies, and no such motion is before the Court.  No merits discovery schedule or trial date has been set.

Defendants assert they have not yet determined whether to file a motion on the exhaustion defense, and they argue dismissal to bypass this PLRA defense is not justified.  However, were defendants to seek and obtain summary judgment on the grounds of failure to exhaust, Plaintiff could potentially refile his lawsuit without facing the exhaustion defense, now that he is no longer a prisoner.  *See Epps v. Dart*, Case No. 20-cv-05742, 2022 WL 1316547 at *5-6 (N.D. Ill. May 3, 2022) (citing *Dixon v. Page*, 291 F.3d 485, 488 n.1 (7th Cir. 2002)).  Judicial economy thus favors voluntary dismissal at this stage.

Accordingly, Plaintiff's Motion for Voluntary Dismissal (Doc. 35) is **GRANTED**.  This case is **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing his case.  All information exchanged between the parties to identify the John Doe Defendants, and any other informal

discovery conducted, will apply to the refiled case.  The Clerk of Court is **DIRECTED** to enter

judgment accordingly.

       **IT IS SO ORDERED.**

       **DATED:  February 24, 2026**

                                    *s/ Staci M. Yandle*
                                    **STACI M. YANDLE**
                                    **Chief U.S. District Judge**